IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LASHUNDA MCCRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:24-CV-773-KFP |
| ) | [WO] |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Lashunda McCray's Motion to Remand. Doc. 6. Defendant State Farm Fire and Casualty Company removed this case to federal court on the basis of diversity jurisdiction, asserting that the parties are completely diverse and it has demonstrated by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. Doc. 1. Plaintiff seeks to remand the case, arguing that Defendant "failed to provide any concrete evidence . . . that the amount in controversy exceeds the required jurisdictional minimum value[,]" and therefore the Court does not have subject matter jurisdiction. Doc. 6 at 1. Defendant opposes the Motion to Remand. Doc. 10. The parties consented to jurisdiction by a magistrate judge.

For the reasons below, the Court finds that the Motion to Remand is due to be GRANTED.

I.     **LEGAL STANDARD**

Federal courts have limited jurisdiction and possess only the power authorized by a statute or the Constitution. *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). Courts should presume that a case lies outside this limited jurisdiction, and the burden of establishing the contrary is on the party asserting jurisdiction. *Id.* Although a defendant has the statutory right to remove in certain situations, the plaintiff is still the master of his claim. *Burns v. Windsor Ins.*, 31 F.3d 1092, 1095 (11th Cir. 1994). For that reason, a defendant's right to remove and a plaintiff's right to choose his forum are "not on equal footing." *Id.* Moreover, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *City of Vestavia Hills v. Gen. Fid. Ins.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)). Accordingly, a defendant's removal burden is a heavy one. *Burns*, 31 F.3d at 1095.

Federal courts have diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a). When a plaintiff has not pleaded a specific amount in damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (citations omitted) (quoting *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). In some cases, "it may be 'facially apparent' from the [complaint] itself that the amount in controversy exceeds the jurisdictional

minimum[.]" *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010); *see also Pretka*, 608 F.3d at 754. "If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden." *Roe*, 613 F.3d at 1061. "[T]he ultimate question the court addresses is whether a defendant has established by a preponderance of the evidence that should the plaintiff prevail on a particular claim, the plaintiff, more likely than not, will recover in excess of the federal jurisdictional prerequisite." *Lowe's OK'd Used Cars, Inc. v. Acceptance Ins.*, 995 F. Supp. 1388, 1393 (M.D. Ala. 1998) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)).

## II.    BACKGROUND AND PROCEDURAL HISTORY[1]

On or about June 14, 2023, a storm damaged Plaintiff's residence. Doc. 1-2 ¶¶ 6, 7, 9. To fix the damage, Plaintiff contracted with ALABAMA PREMIER ROOFING CONSTRUCTION COMPANY, who provided her with two estimates for repairs: $32,810.75 and $26,812.64. Doc. 1-3 ¶ 6; Doc. 1-2 ¶ 9.

At all material times, Plaintiff and Defendant had an insurance policy on the residence that provided for covered losses to the home in the amount of $261,700.00, loss of use in the amount of $78,510.00, and for personal property in the amount of $196,275. Doc. 1 at 5; Doc. 1-2 ¶ 5; Doc. 1-3 ¶ 5. Plaintiff submitted a claim under the policy for the storm damage she sustained, but Defendant allegedly "has refused and continues to refuse to pay either part of or all of [] Plaintiff's claims." Doc. 1-2 ¶ 10; *see also* Doc. 1-3 ¶ 4.

---

[1] The Court recites only the facts pertinent to resolving the Motion to Remand.

Plaintiff brought a civil case against Defendant on November 8, 2024, in the Circuit Court of Coffee County, Alabama. Doc. 1-2. She alleged damages in excess of $30,000 exclusive of interest, costs, and attorney's fees. *Id.* ¶ 8. In Count I, breach of contract, Plaintiff alleged she is entitled to "an award of attorney fees, court costs, and reasonable expenses pursuant to Alabama Code Section 8-29-6[.]" *Id.* ¶ 16. In Count II, bad faith, Plaintiff alleged that Defendant "engaged in an act of bad faith in denying full payment of the Plaintiff's claims without any legitimate or debatable reason[,]" and Defendant's actions "constitute an act of bad faith which they engaged in to oppressively, maliciously, and intentionally, in an effort to deny [] Plaintiff full insurance benefits to which [she is] entitled." *Id.* ¶¶ 21, 22. In recompense, Plaintiff demanded "damages including but not limited to damage to the building, contents, loss of use, interest allowed by law, and reasonable attorney's fees[.]" *Id.* at 10.

On December 3, 2025, Defendant removed the case to federal court under federal diversity jurisdiction. Doc. 1. On December 17, 2024, Plaintiff filed a Motion to Remand, arguing the Court lacks subject matter jurisdiction because Defendant has not met its burden of proof to establish diversity jurisdiction. Doc. 6. With her response brief, Plaintiff attached an affidavit stating that the amount in controversy does not exceed $75,000.00, that she agrees not to accept any judgment in excess of $75,000.00, and "[i]n the event that the finder of fact awards more than $75,000.00, [she] agree[s] to a remitter[.]" Doc. 6-1 at 2. Plaintiff also attached a pre-suit demand letter for $31,348.89 in repair costs and $10,000 in attorney's fees to her motion to remand. Doc. 6-2 at 2.

## III.    DISCUSSION

Defendant removed the case pursuant to federal diversity jurisdiction. There is no dispute that the action is between completely diverse parties: Plaintiff is a citizen of Alabama and Defendant is a citizen of Illinois.[2] Doc. 1 ¶¶ 8,9. The dispute centers on the amount in controversy because no specific amount was alleged in the Complaint. Defendant argues that federal jurisdiction exists because "Plaintiff's insurance policy with [Defendant] provides for benefits well in excess of $75,000[,]" (*Id.* ¶ 15), Plaintiff submitted two contracts estimates, the higher of which totaled $32,810.75 (*Id.* ¶ 16), Plaintiff sought damages "'including but not limited to' property damage, loss of use, personal property damage, interest, attorney's fees and other costs[,]" *Id.* ¶ 17), and punitive damages are available (*Id.* ¶¶ 18–20). Plaintiff averred in her Motion to Remand that Defendant's assertions were "conclusory" and provided an affidavit and pre-suit demand packet as evidence that the case is not worth more than $75,000.

The Court finds *Murphy v. State Farm Fire Casualty Company*, 2025 WL 20416 (M.D. Ala. Jan. 2, 2025) is the quintessential on-all-fours case.[3] In *Murphy*, "the sole issue was whether State Farm ha[d] met its burden of showing by a preponderance of the

---

[2] Defendant's allegation of its citizenship in its Notice of Removal is incomplete because it only provided the corporation's principal place of business. Doc. 1 ¶ 9; 28 U.S.C. § 1332(c)(1). However, Defendant filed a disclosure statement which provided that Defendant is incorporated in Illinois and has its principal place of business in Illinois. Doc. 2. Thus, the Court is satisfied that Defendant is a citizen of Illinois for purposes of diversity jurisdiction.

[3] The Court acknowledges that the January 2, 2025, *Murphy* opinion was entered after Plaintiff filed her Motion to Remand on December 17, 2024, but considering the nearly identical facts and argument, and that counsel appearing in *Murphy* and before the Court in this matter is the same, no perspicacious inquirer is needed to suss out that the parties should have addressed *Murphy* in their later response and reply briefs. It is troubling that the parties did not discuss this extremely relevant opinion from this district court which was released during their briefing period in this case.

evidence that the amount in controversy exceeds $75,000." *Murphy*, 2025 WL 20416, at *1. The plaintiff sued State Farm, the same defendant here, "for claims of breach of contract and bad faith after she made an insurance claim for roof damage to her home[,]" which are the same claims brought here. *Id.* State Farm removed, arguing that the amount in controversy was met because the plaintiff's "insurance policy coverage exceed[ed] $75,000, [the plaintiff's] contractor's estimate for her roof repairs totaled $26,093.70, . . . and that punitive damages are available for bad faith claims under Alabama law." *Id.* Defendant made the same arguments in the instant case. The plaintiff in *Murphy* then filed an affidavit in response stating: (1) the amount in controversy did not exceed $75,000; (2) she would not accept any judgment in excess of $75,000; and (3) "that she would agree to a remittitur of any judgment in excess of that amount." *Id.* Plaintiff in the instant case made the same stipulations in her affidavit. *Murphy* also had a pre-suit settlement demand of approximately $36,093.70 in the record, and there is a pre-suit settlement demand in the record here. *Id.* at *1 n.1.[4]

The Court found that "State Farm ha[d] not shown by a preponderance of the evidence that the amount in controversy exceed[ed] $75,000." *Id.* at *3. The Court

---

[4] One factual difference between the instant case and *Murphy* is that the Court in *Murphy* held a hearing on jurisdiction, where the plaintiff, "through her counsel, confirmed that the amount in controversy is less than $75,000 and made binding stipulations and representations to the Court consistent with the affirmative statements contained in [her] affidavit." *Murphy v. State Farm Fire Casualty Company*, 2025 WL 20416, at *1 (M.D. Ala. Jan. 2, 2025). While counsel did not participate in a telephone hearing in this case, counsel has confirmed the amount in controversy by filing the affidavit and presented argument based upon the stipulations contained in it, and counsel is bound by those assertions. *See* Fed. R. Civ. P. 11. Thus, this distinction in procedural history does not alter the Court's finding of *Murphy*'s persuasiveness in the instant case. Like *Murphy*, "the Court provides notice that any violation of these stipulations and representations by [the plaintiff] and/or legal counsel will result in swift and forthcoming sanctions." *Murphy*, 2025 WL 20416, at *4.

explained that the plaintiff's "post-removal affidavit" "simply serve[d] as clarification[] of the amount in controversy at the time of removal." *Id.* (citing *Sierminksi v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000)). The Court then addressed why each of State Farm's arguments for federal jurisdiction were inadequate.

"First, that [the plaintiff's] insurance policy coverage limits exceed the jurisdictional threshold [was] not persuasive nor [was] it representative of the actual amount in controversy in th[e] case." *Id.* There was nothing in the Complaint or pre-suit settlement demand which suggested that the plaintiff had demanded the limits of her insurance policy. *Id.*

"Second," the contractor's estimate of $26,093.70 was far below the jurisdictional threshold of $75,000 and using the language "including but not limited to" in her Complaint did "not make the lawsuit something more than just a case over roof damage." *Id.* "At best, that language suggest[ed] an uncertainty, but that uncertainty must be 'resolved in favor of remand.'" *Id.* (citing *Burns*, 31 F.3d at 1095).

"Third," the Court acknowledged that "the Complaint does seek unspecified sums for damage to building contents, loss of use, and interest allowed by law, which would be damages in addition to the $26,093.70 repair figure. And while it does not specifically seek punitive damages, punitive damages are available for claims of bad faith under Alabama law." *Id.* (citing *Acceptance Ins. v. Brown*, 832 So. 2d 1, 19 (Ala. 2001)). However, the plaintiff "provided no specific monetary amount, nor any measure of computing it." *Id.* Thus, "the only firm figure [was] the $26,093.70 repair estimate, with general, unspecified requests for damages to contents, loss of use, interest allowed by law, and the possibility

of punitive damages. [The plaintiff's] affidavit . . . clarif[ied] that the total amount of these damages—including the repair estimate and any other damages—[was] less than $75,000." *Id.* Additionally, the "pre-suit settlement demand of $36,093.70 confirm[ed] this clarification." *Id.* Accordingly, "State Farm's attempt to use the alleged bad faith claim and availability of punitive damages [did] not tip the scales in favor of jurisdiction in light of such facts, and where doubt remains, remand is due." *Id.* (citing *Univ. of S. Ala.*, 168 F.3d at 411).

Moreover, although State Farm in *Murphy* cited two cases from a sister court concerning the availability of punitive damages for bad faith claims against large corporations, the Court stated that "[t]hose decisions provide[d] little insight here." *Id.* Thus, based on the foregoing, the Court found that "State Farm ha[d] not met its burden of showing that the amount in controversy [was] sufficient to invoke the jurisdiction of this Court. Remand [was] therefore proper for lack of subject matter jurisdiction." *Id.*

Here, Defendant proffered the same arguments as those in *Murphy* for federal jurisdiction, and for the same reasons provided in *Murphy*, they are unavailing. Plaintiff's affidavit and pre-suit demand letter clarify the amount in controversy at the time of removal. There is no indication or evidence that Plaintiff demanded the limits of her insurance policy, so there is nothing suggesting that Plaintiff will more likely than not recover those amounts. Indeed, the evidence of the contractor's estimates and the pre-suit demand letter speak to the contrary. Further, as eloquently stated in *Murphy*, the "including but not limited to" language in the Complaint "does not make the lawsuit something more than just a case over roof damage." *Id.* The only firm figures offered here fall well below

8

the $75,000 jurisdictional threshold, and the affidavit and pre-suit settlement demand confirm that range. Defendant's attempt to use unspecified damages "does not tip the scales in favor of jurisdiction in light of such facts, and where doubt remains, remand is due." *Id.* (citing *Univ. of S. Ala.*, 168 F.3d at 411). The citations to the same two Northern District of Alabama cases that Defendant cited in *Murphy* as support for its argument that punitive damages push the amount in controversy over the jurisdictional threshold again "provide little insight[.]"[5] *Id.* However, here the Court will elaborate further on why.

Defendant cited those cases as support that the amount in controversy is satisfied because the Northern District found in both cases that "punitive damages against a large corporation like [Defendant] would alone exceed $75,000[.]" *Allred v. State Farm Fire & Cas. Co.*, 5:22-cv-00289-LCB (N.D. Ala. June 21, 2022), ECF No. 22 at 12; *Bonds v. State Farm Fire & Cas. Co.*, 5:22-cv-00618-LCB (N.D. Ala. June 21, 2022), ECF No. 13 at 12); *see also* Doc. 1 ¶ 20. But this Court is not bound by findings of the Northern District, nor does the Court find the cases persuasive without relevant analysis or factually similar supporting caselaw for its general statement. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004) ("Although a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects."). And while this Court has previously stated that punitive damage awards against a large company would need to be substantial, the Court caveated that a defendant would

---

[5] A note of clarity regarding consideration of punitive damages: while Defendant is correct that punitive damages are available for bad faith claims, courts are not mandated to universally consider their value when determining the amount in controversy. Doc. 1 ¶ 18. Rather, "punitive damages must be considered, . . . **unless** it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (emphasis added) (citation omitted).

still need to show that a jury would make such an award. *See Roe v. Michelin N. Am. Inc.*, 637 F.Supp. 2d 995, 998 (M.D. Ala. 2009), (explaining that a punitive damages award that is "soundly and honestly calculated to punish and deter [the defendant's] wanton behavior, which placed human lives at risk, would have to be substantial.") *aff'd*, 613 F.3d 1058 (11th Cir. 2013); *Pullum v. Ford Motor Co.*, 2019 WL 2578948, at *3 (M.D. Ala. June 21, 2019). Here, Defendant has not shown why, other than its status as a large corporation, a jury would award substantial punitive damages under the facts alleged. The allegations of bad faith do not appear egregious, and Defendant has not provided any alternative narrative. *See State Farm Mut. Auto. Ins. v. Campbell*, 538 U.S. 408, 419 (2003) ("[T]he most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct." (quoting *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 575 (1996))). Additionally, Defendant's assertion that "Alabama juries have returned numerous punitive damage awards on bath faith claims against defendant insurance companies" in its response brief does not salvage its punitive damages argument. Doc. 10 at 5. The cases it cites are all from the 1980's and do not show why *this case* would merit a large punitive damages award. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1221 (11th Cir. 2007) ("[T]he facts regarding other cases tell us nothing about the value of the claims in this lawsuit."); *Federated Mut. Ins. v. McKinnon Motors, LLC*, 329 F.3d 805, 809 (11th Cir.2003) ("[M]ere citation of what has happened in the past does nothing to overcome the indeterminate and speculative nature of [the] assertions[.]"); *Nimrod v. Am. Merchants Life Ins.*, 190 F. Supp. 2d 1282, 1283 (M.D. Ala. 2002) ("Some general assertion that fraud and bad-faith claims in other cases have resulted in awards greater than

10

$75,000 does not help the court in determining whether or not the specific facts in the instant case would result in such an award."). "This [C]ourt's task is not to merely decide whether the punitive damages at issue in this case could *conceivably* satisfy the minimum jurisdictional requirement, but whether it is *more likely than not* that they do." *Arrington v. State Farm Ins.*, 2014 WL 2961104, at *7 (M.D. Ala. July 1, 2014) (citing *Roe,* 613 F.3d at 1061). Thus, because Defendant has not set forth any facts or analysis for why the facts of this case would merit punitive damages that bring the amount in controversy over the jurisdictional threshold, Defendant has not met its removal burden.

"In short, [Defendant] has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Murphy*, 2025 WL 20416, at *3. *Murphy* still stands: all of Defendant's arguments are insufficient to meet its heavy removal burden.

Plaintiff and her counsel are reminded that the affidavit testimony of Plaintiff is binding and that counsel has made arguments based upon it to this Court; thus, they are cautioned that should they not honor her testimony and their representations, this Court will not hesitate to impose swift sanctions. *See Federated Mut. Inc.*, 329 F.3d at 808 (explaining that Federal Rule of Civil Procedure 11 sanctions are available when lawyers make representations "to the court for an improper purpose, such as merely to defeat diversity jurisdiction."); *Id.* at 808 n.6 (explaining that a motion for sanctions "can be initiated and decided [even] after the case on which it is based is finally resolved and no longer pending.").

## IV.   CONCLUSION

For the reasons stated above, the Court finds that Defendant has not established by a preponderance of the evidence that the amount in controversy exceeds $75,000; thus, the Court is without subject matter jurisdiction. Therefore, the undersigned ORDERS that Plaintiff's Motion to Remand (Doc. 6) is GRANTED.

The Clerk of the Court is DIRECTED to take the necessary steps to remand this case back to the Circuit Court of Coffee County, Alabama.

This case is CLOSED.

DONE this 12th day of March, 2025.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE